

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00113-CR

LATRAVIAN VANCHAN SIMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Panola County, Texas
Trial Court No. 2020-C-146

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Latravian Vanchan Sims pled guilty to aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Supp.). Pursuant to a plea-bargain agreement with the State, the trial court sentenced Sims to eight years' imprisonment and imposed a $10,000.00 fine but suspended Sims's sentence in favor of placing him on community supervision. The State moved to revoke Sims's community supervision on allegations that he violated its terms and conditions by, among other things, using alcohol and methamphetamine and by failing to complete an anger management program. Sims pled true to those allegations and, as a result, the trial court revoked his community supervision and sentenced him to eight years' imprisonment.[1] Sims appeals.

Sims's attorney has filed a brief stating that she reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California. Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1]The trial court did not impose a fine on revocation.

On February 12, 2024, counsel mailed to Sims copies of the brief, the motion to withdraw, and a motion for pro se access to the appellate record lacking only Sims's signature. Sims was informed of his rights to review the record and file a pro se response. On March 6, we granted Sims's pro se motion for access to the appellate record. By letter dated May 1, this Court informed Sims that the case would be set for submission on May 22. We received neither a pro se response from Sims nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[2]

Scott E. Stevens
Chief Justice

Date Submitted:    May 22, 2024
Date Decided:     May 23, 2024

Do Not Publish

---

[2] Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, the appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.